A. B. CURRY, Appellee, v. IOWA TRUCK & TRACTOR COMPANY, Appellant.

**JUDGMENT: Conclusiveness—Matters in Issue But Unadjudicated.** On
1   the question whether a judgment entered on a directed verdict is an adjudication of *all* or *a part* only of the grounds enumerated in the sustained motion for the verdict, resort may be had.to the record instructions and directions of the court to the jury.

**CONTRACTS: Action for Breach—Effective as Basis for Damages.** Con-
2   ceding, *arguendo*, that a contract under which an automobile is purchased, paid for, and delivered, may not be sufficient to sustain the purchaser's claim to possession *unless the registration statutes are fully complied with*, yet such contract is sufficient basis for an action by the purchaser against the seller for damages.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 14, 1922.

ACTION at law, for damages for breach of an oral contract for the purchase of an automobile. The answer was a general denial and a plea of prior adjudication. There was a verdict for the plaintiff and judgment thereon. The defendant has appealed.—*Affirmed.*

*Charles F. Maxwell* and *James B. Ryan,* for appellant.

*John L. Gillespie,* for appellee.

EVANS, J.—The appellant presents but one assignment of error, and this is predicated upon his plea of prior adjudication.

The substance of such pleading was that the material issues presented in this case were fully adjudicated by a judgment in a previous replevin suit between the same parties as hereto. Such plea was not sustained in the trial court.

The material facts, in brief, are that plaintiff purported to buy an automobile from one Thompson, as the purported agent of the defendant. This transaction was had at the plaintiff's home upon his farm. The agreed purchase price of the automobile was $1,950, which was then and there paid by the plaintiff to Thompson. Thompson purported to deliver the automobile to plaintiff, Curry, and left it with him, agreeing that all the requisites of the registration statute would be promptly complied with. Thereupon Thompson absconded, without accounting to his principal to any extent. The purchase price consisted of $250 in money or check, $1,000 in liberty bonds, and $750 in a secondhand Rambler auto. The Rambler was left on plaintiff's farm, to be called for later. Negotiation of the bonds was thwarted by telegraphic means, so that the profits of Thompson were reduced to the $250 check. The defendant denied the authority of Thompson to make the sale or to represent it as an agent. This issue was submitted to the jury, and found adversely to the defendant. No error is predicated thereon here. We are required, therefore, to treat the fact of agency as established.

Upon the absconding of Thompson, the defendant herein brought an action of replevin against the plaintiff herein, wherein it claimed the right of immediate possession of said automobile, on the ground that it was the absolute and unqualified owner thereof. In defense of his right of possession, the defendant set up the same oral contract for breach of which he predicates his claim for damages in this case. So far as the proof of such contract is concerned, the evidence was the same, upon the trial of both cases. At the close of the evidence in the replevin case, the replevin plaintiff (defendant herein) moved for a directed verdict upon eight grounds. The first five of these grounds were predicated upon the fact that the replevin defendant had not complied with the requirements of the registration statute, Section 18, Chapter 275, of the Acts of the Thirty-eighth General Assembly. The other grounds of the motion were, in substance,

that the replevin defendant had failed to prove the allegations of the contract pleaded, and that the evidence was conclusive that the purported agent, Thompson, had no authority to make the sale. The formal judgment entry sustained the motion, and awarded possession to the replevin plaintiff, with costs. This is the judgment which is pleaded as a prior adjudication.

Though the briefs of respective counsel have gone quite fully into a general discussion of what constitutes *res adjudicata,* there is no material difference between them as to the general argument upon the subject, and we have no

1. JUDGMENT: conclusiveness: matters in issue but unadjudicated.

occasion to go into it. The dividing point between them is that the appellant contends that the final judgment entry is not open to any inquiry as to the grounds upon which it was based, and that it must be conclusively presumed therefrom that all the grounds of the motion were sustained; whereas, the appellee contends that the record in the replevin action discloses clearly that the motion was sustained and the judgment predicated solely upon the first five grounds of the motion, as being conclusive of the replevin plaintiff's right of possession. As already stated, these five grounds were all based upon the registration statute, one of the provisions of which is:

"Until said transferee has received said certificate of registration and has written his name upon the face thereof, delivery and title to said motor vehicle shall be deemed not to have been made and passed."

It will be seen from the foregoing that the judgment was entered upon a verdict. The scope of the verdict and of the judgment was necessarily the same. In defining the scope of the verdict, we may surely look to the instructions and the directions of the court to the jury as a guide therefor. The record at this point was as follows:

"Gentlemen of the Jury: The plaintiff in this case has filed a motion for a directed verdict, and that motion, as grounds therefor, claiming that, under the automobile statute of our last legislature, they are entitled to have this motion sustained. Because of certain provisions of the statute, the court has just sustained the motion of the plaintiff for a directed verdict. You

will, therefore, by direction of the court, return a verdict which has been prepared, and Mr. Bird will sign it as foreman.''

Whereupon the following verdict was returned by the jury:

''We, the jury in the above entitled cause, by direction of the court, find that the plaintiff was entitled to the possession of the automobile in controversy at the time of the commencement of this action.

''Signed, Roy Bird, Foreman.''

Preceding this direction to the jury, the record discloses the order of the court sustaining the motion. This order is somewhat lengthy, and covers two printed pages. It discloses clearly that such order is predicated wholly upon the registration statute, and especially upon that part thereof which we have above quoted.

Treating the holding of the court as the law of the case, therefore, the present plaintiff's oral contract of purchase was not available to him as a defense in the replevin plaintiff's pos-

2. CONTRACTS: action for breach: effective as basis for damages.

sessory action, however well proven it might have been. In the absence of compliance with the registration statute, the oral contract became immaterial in the replevin action. The sustaining of the first five grounds of the replevin plaintiff's motion was, in legal effect, a ruling that evidence of the contract, however strong, was ineffective and immaterial on the question of the right of possession. These grounds of the motion amounted to a demurrer to the replevin defendant's evidence. Suppose the case had been submitted to the jury for a special finding of facts, and it had found that the making of the contract pleaded by the replevin defendant was established, it would have availed such defendant nothing. Under the law as declared by the court, the replevin plaintiff would still be entitled to judgment for possession *non obstante*. Curry's position in the replevin suit would be not otherwise than if he had not pleaded his contract at all.

Furthermore, this plaintiff's cause of action for damages could not have been adjudicated in the replevin suit, for two reasons:

(1) He had no cause of action for damages, prior to the

bringing of such suit. It did not arise until this defendant had repudiated the contract.

(2)   If he had such a cause of action, he could not have pleaded it as a counterclaim in the replevin suit.

The question remains whether, if the contract in question was ineffective for the purpose of delivery of possession of the automobile, was it, therefore, ineffective for all purposes? We do not hesitate to hold to the negative. It was good as an executory contract, supported by a full consideration paid. Both parties were under its obligation. Each was entitled to the co-operation of the other, in complying with the formal requirements of the registration statute. Whether this was an obligation which could have been specifically enforced in equity, we need not determine. If not, it was because there was an adequate remedy in damages. When the defendant herein repudiated that obligation, the right to claim damages accrued to the plaintiff. If this plaintiff had been able to maintain his possession of the automobile, no right of damages would have accrued to him. And this is so if the contract could have been rendered effective as a complete defense to the replevin action. The very success of this defendant in the replevin action is what matured this plaintiff's right of action for damages. This was the very remedy suggested by the trial court as the proper one, in his order sustaining the motion to direct a verdict in the replevin case.

In this discussion, we are not to be understood as holding that the ruling of the trial court in the replevin case was correct, as an abstract legal proposition. It is not material here whether it was or not. The ruling became the law of the case, and we so treat it. If the original question were before us, we recognize that there would be some ground for the contention that, the parties being *in pari delictu* as to the registration statute, each of them would be barred from pleading the violation of the statute. as a ground for affirmative relief against the other. This would have presented a sharper edge toward the replevin plaintiff than toward the defendant, and would have left the parties *in statu quo*. We make this observation only as a precaution against appearing to commit ourselves to the correctness of the ruling in the replevin case. What we now hold, and all that we hold, is that the judgment in the replevin action was not an

adjudication of this plaintiff's cause of action for damages. The judgment below is, therefore,—*Affirmed.*

Stevens, C. J., Arthur and Faville, JJ., concur.